# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN GREEN,                                )
                                           )
            Plaintiff,                     )
                                           )    Case: 1:15−cv−02093  Jury Demand
    v.                                     )    Assigned To : Unassigned
                                           )    Assign. Date : 12/3/2015
UNITED STATES OF AMERICA, *et al.*,        )    Description: Pro Se Gen. Civil (F Deck)
                                           )
          Defendants.                     )

## MEMORANDUM OPINION

This matter is before the Court on initial review of plaintiff's *pro se* complaint. For the reasons stated below, the complaint will be dismissed.

The plaintiff alleges that two judges of the Superior Court of the District of Columbia have "taken [his] property . . . without compensating [him]," and that these and one additional Superior Court judge have voluntarily "granted [him] a Security interest in all their assets, land, and property" in order to "execute contract account F 7768-85." Compl. at 1. This account number appears to be the number of plaintiff's criminal case. Citing various provisions of the Uniform Commercial Code and federal bankruptcy laws, *see id.*, the plaintiff appears to demand damages as compensation for all defendants' involvement in his criminal case and subsequent incarceration.

The trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where

it lacks an arguable basis either in law or in fact."). Having reviewed the plaintiff's complaint, the Court concludes that what factual contentions are identifiable are baseless and wholly incredible. Furthermore, the allegations of the complaint "constitute the sort of patently insubstantial claims" that deprive the Court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009).

The Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1). An Order consistent with this Memorandum Opinion is issued separately.

DATE: November 13, 2015

United States District Judge